UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEMONDRA DELOUNE                                      CIVIL ACTION

VERSUS                                                              24-CV-00634-SDD-SDJ

DANIEL MAHAFFEY, *ET AL.*

## RULING

Before the Court is a Motion for Entry of Preliminary Default and for Hearing on Confirmation of Default[1] filed by Plaintiff Demondra Deloune ("Deloune") against Defendant Col. Bentley ("Col. Bentley"),[2] for failing to file an answer or any responsive pleadings in this case. Defendants the State of Louisiana, through the Department of Public Safety and Corrections ("DPSC") and "Capt. Daniel Mahaffey" ("Mahaffey") in his individual capacity, oppose on the basis that service was not accepted for "Col. Bentley" and that the proper defendant Frazier Bendily ("Bendily") was never served.[3]

Deloune's motion is denied for the following reasons.

**I.    FACTS AND PROCEDURAL BACKGROUND**

Deloune filed suit on June 14, 2024, under 42 U.S.C. §1983 in the Twentieth Judicial District Court, Parish of East Feliciana, alleging excessive force, battery, and retaliation in violation of his First Amendment and Fourteenth Amendment constitutional rights, in addition to state law claims of intentional and/or negligent acts or omissions,

---

[1] Rec. Doc. 22.
[2] With this motion pending, the Court granted Deloune leave to amend the caption of the case and named Defendant from "Col. Bentley" to Col. Frazier Bendily ("Bendily"). Rec. Doc. 40. There, however, the Court did not take up the issue of relation back as to Deloune's request for entry of preliminary default as to "Col. Bentley." *Id.* at p. 3.
[3] Rec. Doc. 26.

intentional infliction of emotional distress, and *respondeat superior*.[4] Deloune alleges the incident took place on September 20, 2023 while housed at Dixon Correctional Institute ("DCI") in Jackson, Louisiana.[5] Originally, Deloune named as Defendants the State of Louisiana, through the Department of Public Safety and Corrections ("DPSC"), "Capt. Daniel Mahaffey" in his individual capacity, and "Col. Bentley" in his individual capacity.[6]

Deloune served DPSC with citation, through Rhonda Weldon ("Weldon") at Department of Corrections ("DOC"), on July 11, 2024.[7] On August 2, 2024, DPSC and Mahaffey removed the action under this Court's federal question jurisdiction, alleging that all served Defendants consented to removal.[8] On August 30, 2024, DPSC and Mahaffey answered the Complaint.[9]

Deloune originally sought an extension of time to serve "Col. Bentley" allegedly on the basis that Deloune's counsel, Ms. Donna Grodner ("Grodner") "was relying upon the service returns and confusing information from the state court clerk's office."[10] Deloune then withdrew the motion for extension, stating "[h]aving retrieved the actual service returns, Col. Bentley was served."[11]

---

[4] Rec. Doc. 12. Deloune affirmatively alleges that no §1983 claims are asserted against DPSC. Rec. Doc. 12 at p. 42.
[5] Rec. Doc. 12 at p. 32. Deloune has since been released. *Id.* at pp. 32-33.
[6] *Id.* at pp. 32-33.
[7] Rec. Doc. 1 at p. 1. The citation in the record was directed to DPSC, the Office of Risk Management ("ORM"), and the Attorney General. Rec. Doc. 12 at p. 31. The service return filed in the record shows a date of service of July 3, 2024, filed July 19, 2024. Rec. Docs. 12 at p. 31, 16-5. The service return does not reflect which party was served on July 3, 2024. Deloune contends the Office of Risk Management was served via facsimile on July 10, 2024, and that the Attorney General's office was served with citation by the sheriff on July 3, 2024. Rec. Doc. 25-2 at p. 1. Regardless, the only service the parties appear to dispute in this motion is regarding "Col. Bentley."
[8] Rec. Doc. 1. Defendants make no reference as to the status of service of "Col. Bentley" in the Notice of Removal other than to state that "Defendants are in the process of requesting a copy of all process, pleadings, and orders served upon the Defendants in the State Court action[.]" Rec. Doc. 1 at p. 2.
[9] Rec. Doc. 9.
[10] Rec. Doc. 21.
[11] *Id.*

On November 4, 2024, Deloune filed the instant motion for entry of preliminary default under Fed. R. Civ. P. 55(a) and hearing on confirmation of default against "Col. Bentley" for failure to answer or file any responsive pleadings.[12] Relatedly, in December 6, 2024, with the instant motion pending, Deloune sought relief to amend the caption of the case and name of "Col. Bentley" to Bendily.[13] Therein, Deloune alleged Bendily is a DOC employee who was employed on September 20, 2023 and who was employed "when his agent for service of process [ ] Weldon was served with process."[14]

DPSC and Mahaffey opposed both the Motion for Entry of Default Judgment as to "Col. Bentley" and the Motion to Amend.[15]  DPSC and Mahaffey, however, did not object to the "isolated amendment of the name and caption," and only raised an objection to the extent that the amendment would retroactively apply to Deloune's instant motion for entry of preliminary default.[16]

Deloune replied that Weldon is the proper agent and that she was served with a citation and process.[17] He further contends that, although there may have initially been some confusion, it became clear that "Col. Bentley" was "Col. Bendily."[18] Deloune maintains that the authorized agent for service on Bendily was served and that he has yet to file an answer.[19]

---

[12] Rec. Doc. 22.
[13] Rec. Doc. 25.
[14] Rec. Doc. 25-2 at p. 1.
[15] Rec. Doc. 26.
[16] *Id.* at p. 1.
[17] Rec. Doc. 29 at p. 1.
[18] *Id.*
[19] *Id.* On February 26, 2024, Deloune moved to withdraw the Motion for Entry of Preliminary Default. Rec. Doc. 30. However, on March 5, 2025, Deloune withdrew his Motion to Withdraw the Motion for Entry of Preliminary Default, stating that at a February 26, 2025 Rule 37.1 conference, the State advised that if the preliminary default was withdrawn that a responsive pleading would be filed for Col. Frazier Bendily. But upon moving to withdraw the preliminary default, Deloune claims that "the State is refusing to make an appearance for Bendily." Rec. Docs. 31, 34.

The Court granted Deloune's Motion to Amend the caption of the case and changed the name of Defendant "Col. Bentley" to Bendily, but did not take up the issue of relation back as to the pending Motion for Entry of Preliminary Default.[20] Thus, the issues before the Court are whether the amendment of "Col. Bentley" to Bendily relates back to Deloune's Motion for Entry of Preliminary Default, and whether Deloune perfected service as to Bendily by service of process to "Col. Bentley" through Weldon, entitling him to an entry to default.

## II.   LAW AND ANALYSIS

### A.   Relation Back

As noted above, the Court allowed Deloune to amend named defendant "Col. Bentley" to "Frazier Bendily" on the basis that all factors under Fed. R. Civ. P. 15(a) weighed in favor of Deloune.[21] "Email communications between the parties showed that all agree Col. Bentley is not the correct party, and Frazier Bendily is."[22] Remaining before the Court is the issue of whether the amendment relates back to the instant motion before the Court.

The addition of a new defendant commences the lawsuit as to that defendant.[23] Under federal law, adding a new defendant generally does not relate back to the filing of the original complaint unless Rule 15(c)(1)(C) provides so.[24] This rule, however, provides

---

[20] Rec. Doc. 40.
[21] *Id.* at p. 2.
[22] *Id.*
[23] *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006).
[24] *Id.*

an exception for the misnomer of a defendant.[25] The same is true under Louisiana law.[26] Thus, Rule 15(c) allows for a relation back of amendments when there is a mistake concerning the proper party's identity, but it does not permit relation back to substitute a named party for a "John Doe" defendant.[27]

Here, it is clear on the face of the record that Bendily was the party intended to be sued, although originally misspelled. Deloune's amendment was properly allowed to cure a misnomer as to the proper party Bendily and relation back to the date of filing is allowed under Rule 15(c).[28]

### B.   Standard for Entry of Preliminary Default

There is a three-step process to obtain a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure: (1) a defendant's default; (2) the clerk's entry of default and (3) a plaintiff's application for a default judgment."[29] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[30] Thus, before the clerk may enter a default, the plaintiff must show "by affidavit or otherwise" that the defendant failed to plead or otherwise defend the case.[31] Thereafter, under Rule 55(b), a plaintiff must apply to the Court for a judgment of default.[32]

---

[25] *Id.* at 806 & n. 12 (discussing how Rule 15(c)(1)(C) refers to substituting or changing a defendant when there has been a misnomer).
[26] *See McDonald v. Nationwide Bldg. Servs. Inc.*, No. 3:17-CV-00981, 2019 WL 4303037, at *3 (W.D. La. Aug. 26, 2019) (citing *Ray v. Alexandria Mall*, 434 So.2d 1083, 1087 (La. 1983) (noting that Louisiana law models the federal rule, and that relation back does not apply when adding a new defendant)).
[27] *See* Fed. R. Civ. P. 15(c); *Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir. 1998)).
[28] *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998).
[29] *J&J Sports Productions, Inc. v. Thibodeaux*, 2018 WL 4292017, at *3 (W.D. La. Aug. 23, 2018) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)).
[30] Fed. R. Civ. P. 55(a).
[31] *Id.*
[32] Fed. R. Civ. P. 55(b).

A judgment of default, however, is not a matter of right, even where the defendant is technically in default, and the awarding thereof is within the sound discretion of the district court.[33] "The service of a summons triggers a duty to respond to a complaint and a failure to respond may result in the entry of a default or default judgment under [Rule] 55."[34] "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[35]

### C.    Deloune is not entitled to entry of preliminary default.

Deloune argues that "Col. Bentley" was served with process on July 1, 2024, as evidenced by the executed service return.[36] Ms. Grodner asserts she did not hear from any attorney on "Col. Bentley's" behalf seeking an extension of time and that the State advised that it was denying a defense to Col. Bentley.[37]

A review of the record reflects that Deloune requested service of citation to "Daniel Mahaffey; Col. Bentley, Secretary, Louisiana Department of Public Safety and Corrections James M. LeBlanc, through Rhonda Weldon" ("Weldon") at Department of Corrections ("DOC"), 504 Mayflower Street, Baton Rouge, LA 70802.[38] The recorded service return, filed July 22, 2024, reflects personal service on the named parties through Weldon on July 1, 2024.[39] The service return filed with the East Feliciana Parish Clerk of

---

[33] *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999); *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)).
[34] *J&J Sports Productions, Inc.*, 2018 WL 4292017, at *3 (citations omitted).
[35] *Durham v. Francis S. Table & Bar, LLC*, No. CV 24-319-JWD-SDJ, 2025 WL 1570971, at *1 (M.D. La. June 3, 2025) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[36] Rec. Doc. 22 at p. 1.
[37] *Id.*
[38] Rec. Docs. 12 at pp. 30, 45-47, 16-4.
[39] *Id.*

Court prior to removal does not reflect any notations or names stricken regarding rejection of service as to "Col. Bentley."[40]

Deloune argues Bendily's name was misspelled in the Petition but that he was served with process through his designated agent for service Weldon, and that the misspelling was "of no moment."[41] Deloune impliedly alleges that the amendment of the caption and name from "Col. Bentley" to Bendily relates back and that service was perfected on Bendily, through Weldon.[42]

Deloune argues that Weldon is the agent for service on Bendily, attaching in support a November 21, 2017 letter, pre-dating this litigation, from an Assistant Attorney General, State of Louisiana Department of Justice, Litigation Division.[43] Without any supporting citation or evidence, Deloune states that "all employees sign a consent for service through Ms. Weldon when they are hired."[44] The letter does not reference a particular case, but rather discussed a particular "individual named guard" in an unrelated case. In that 2017 letter, the Assistant Attorney General referenced a subject line of "Service for current DOC employees," and stated:

> We have spoken to DOC and they have instructed us that they will accept service for all individually named employee/defendant who are currently employed with the department at DPS&C headquarters. I know that you have referred me to La. C.C.P. art. 1265, but the individually named guard is not a "public officer" as defined by La. R.S. §42.1. Ms. Rhonda Weldon is authorized to accept service on their behalf at 504 Mayflower Street.[45]

---

[40] *Id.*
[41] Rec. Doc. 25-2 at p. 1 (citing *Thompson v. Matthews*, 374 So.2d. 192 (La. App. 4 Cir. 1979) (finding that the defendant's identity was fixed with certainty, such that the error in spelling his name was of little moment where defendant objected to service of process on appeal from a default judgment correcting his name).
[42] Rec. Doc. 29 at p. 1.
[43] Rec. Doc. 25-2 at p. 1 (citing Rec. Doc. 25-3 at p. 1).
[44] *Id.* at p. 1.
[45] Rec. Doc. 25-3 at p. 1.

The letter does not establish, as Deloune's counsel represents, that "all employees sign a consent for service through Ms. Weldon when they are hired."[46] Deloune asserts that: (1) on July 10, 2024, the Office of Risk Management ("ORM") was served via facsimile; (2) on July 1, 2024, "Col Bentley" and the Secretary of DOC were served through Weldon with a citation by the sheriff;[47] and (3) on July 3, 2024, the Attorney General ("AG") was served with a citation by the sheriff.[48]

Deloune argues that Louisiana caselaw supports the correction of misspelling a defendant's name through an amendment despite service of process to a defendant whose name was misspelled, and that misspelling did not render service improper where defendant was personally served.[49] In support of his amendment, Deloune submitted email correspondence from DPSC and Mahaffey's former counsel confirming that Bendily is an employee at DCI, and that if Deloune wanted to name Bendily in lieu of "Col. Bentley," that counsel would consent to the amendment if Deloune withdrew the motion for entry of preliminary default.[50]

DPSC and Mahaffey respond that Bendily has never been served with a copy of the Petition and that service was not accepted for "Col. Bentley."[51] DPSC and Mahaffey submit a different DOC copy of the citation which has a handwritten check mark over Mahaffey's name and DPSC, with an "X" over "Col. Bentley" and a note stating "need correct name."[52] There is an illegible stamp dated July 11, 2024, but the source of the

---

[46] Rec. Docs. 25-2 at p. 1, 25-3 at p. 1.
[47] Rec. Doc. 25-4 at p. 2.
[48] Rec. Doc. 25-2 at p. 1.
[49] *Id.* at pp. 1-2.
[50] Rec. Doc 25-5.
[51] Rec. Doc. 26 at pp. 1-2.
[52] Rec. Doc. 26-1.

notations or the stamp are not clear.[53] Moreover, there is nothing in the record indicating the filing of this copy of the service return wherein Weldon rejected service as to "Col. Bentley."

DPSC and Mahaffey further argue that Weldon does not accept service automatically for every individual DPSC employee upon receipt of every pleading.[54] They object to the "purported evidence" of the 2017 letter submitted by Deloune on the basis that no affidavit was submitted by the writer, that it is hearsay, and has no relevance or proportional value to the issues in this case.[55] DPSC and Mahaffey further argue that the letter is from an unrelated case and intended to inform counsel that service would be accepted for the parties specifically named in that matter.[56] They also dispute that "Col. Bentley" was a misspelling of Bendily.[57] Although DPSC and Mahaffey admit that Bendily is presently employed at DCI, is a covered employee, and that their counsel would be defending him, they do not agree that Bendily was the intended recipient of service from the outset or that he was served.[58]

Here, state law governs the sufficiency of service of process made before removal, as the case was initially filed in state court.[59]  However, if service is attempted after removal, it is governed by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4 and 28 U.S.C. §1448 govern service after removal from state court to federal

---

[53] *Id.*
[54] Rec. Doc. 26 at pp. 3-4.
[55] *Id.* at p. 3.
[56] *Id.*
[57] *Id.* at p. 4.
[58] *Id.*
[59] *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352-53 (1999)); *see also Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972).

court.[60] Deloune requested service on "Col. Bentley" prior to removal; thus, Louisiana law governs the sufficiency of service of process.

"Louisiana Code of Civil Procedure articles 1231 through 1235 govern state law procedure for serving individuals and call for personal or domiciliary service."[61] Under La. Code of Civ. P. art. 1232, "[p]ersonal service is made when a proper officer tenders the citation other process to the person to be served." "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment."[62] "Service is made on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative."[63]

In *Harris v. Brown*, invoking Louisiana's service requirements on an individual pursuant to Rule 4(e), the Western District of Louisiana determined that where a plaintiff seeks to serve a law enforcement officer in his individual capacity, service must be perfected pursuant Rule 4(e), which provides that,

> [u]nless federal law provides otherwise, an individual ... may be served in a judicial district of the United States by:

---

[60] Fed. R. Civ P. 81(c)(1); *see also Murphy Bros., Inc.*, 526 U.S. at 355, n.6. (stating that §1448 allows the plaintiff to serve an unserved defendant or to perfect flawed service once the action has been removed). Under 28 U.S.C §1448, "[i]n all cases removed from any State court to any district court of the United States in which one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which service proves to be defective, such process or service may be completed or new process issued in the same manner as cases originally filed in such district court." Under Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. On good cause shown for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).
[61] *Black v. Louisiana Dep't of Correction*, No. 3:16-CV-799-JWD-RLB, 2017 WL 11710636, at *2 (M.D. La. Nov. 17, 2017).
[62] La. Code Civ. P. art. 1234.
[63] La. Code Civ. P. art. 1235(A).

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[64]

There, the court observed that the plaintiff did not argue or show that the defendant had been personally served or that a copy of the original or amended complaint was left at the defendant's dwelling or usual place of abode with someone of sufficient age and discretion.[65] The court also found that the plaintiff did not establish service was perfected against the defendant, a law enforcement officer, in his individual capacity, in accordance with Louisiana law.[66] The Court further found that there was no evidence of service on an agent designated to accept service on behalf of Davis, in his individual capacity.[67] The court further observed that, even if the person served represented to the process server that she was authorized to accept service on defendant's behalf.[68]

---

[64] *Harris v. Brown*, No. CV 3:21-01332, 2021 WL 6329806, at *7–8 (W.D. La. Dec. 22, 2021), *report and recommendation adopted*, No. CV 3:21-01332, 2022 WL 68200 (W.D. La. Jan. 6, 2022) (citing Fed. R. Civ. P. 4(e)).
[65] *Id.* (citing Fed. R. Civ. P. 4(e)(2)(A-B)).
[66] *Id.* (citing Fed. R. Civ. P. 4(e)(1) and La Code Civ. P. arts. 1232-1235).
[67] *Id.*
[68] *Id.* (citing *Wagster v. Gauthreaux*, Civ. Action No. 12-0011, 2013 WL 5554104, at *2 (M.D. La. Oct. 7, 2013); *Clark v. Stat Care Clinics, L.L.C.*, Civ. Action No. 17-306, 2020 WL 1027145, at *4 (M.D. La. Mar. 3, 2020), *appeal dismissed*, 2020 WL 5642030 (5th Cir. June 25, 2020) (agent must have actual authorization and not merely represent themselves to be authorized in order to be an agent for service of process)).

The court stated that the plaintiff cannot rely on official capacity service of process to effect service on a defendant in his individual capacity. The court explained that "[s]ervice in one capacity does not confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit."[69] Rather, "defendant is entitled to receive service of process in both capacities."[70]

In a different case before this Court, on motion to dismiss for insufficient service, the defendant, a former DPSC employee, submitted in support an affidavit executed by Weldon, stating that Weldon, a paralegal with DPSC is the authorized agent to accept service on behalf of DPSC employees.[71] There, Weldon rejected service on behalf of the defendant because he was no longer employed by DPSC.[72] Two different proofs of service were filed, one showing DOC did not accept service for the named defendant, and one later showing the named defendant was served through "Rhonda (legal) at 504 Mayflower, Baton Rouge, LA.[73] However, the affidavit of Weldon and the summons retained by DPSC provided by defendant showed service had not been executed upon the named defendant.[74] The Court found that valid service on the named defendant had not been made, but denied dismissal, allowing plaintiff 45 days to effect service.[75]

Here, there are two different proofs of service submitted by the parties pertaining to service of "Col. Bentley," through Weldon, and no affidavits were submitted. There is one service return recorded in the docket as to "Col. Bentley" and one service return

---

[69] *Harris*, 2021 WL 6329806, *9.
[70] *Id.*
[71] *Parker v. Walker*, No. CV 23-663-JWD-RLB, 2024 WL 4942404, at *2 (M.D. La. Oct. 23, 2024), *report and recommendation adopted*, No. CV 23-663-JWD-RLB, 2024 WL 4942373 (M.D. La. Dec. 2, 2024).
[72] *Id.*
[73] *Id.* at *2.
[74] *Id.*
[75] *Id.* at **2-3.

provided by DPSC and Mahaffey that was not docketed, which DOC offers as "evidence" that service was rejected as to "Col. Bentley."[76] Regardless, whether or not "Col. Bentley" was a misspelling of Bendily, the record does not reflect that Deloune effected service on Bendily through personal or domiciliary service. Deloune does not establish evidence that Weldon was authorized to accept service on Bendily's behalf in his individual capacity. Thus, even assuming "Col. Bentley" was a misnomer, and Weldon had accepted service on "Col. Bentley's" behalf, service on Bendily was not perfected.

Under Rule 55(a), Bendily, in his individual capacity, has not been properly served through personal or domiciliary service, and Deloune has not established that service was made upon a person authorized to accept service on his behalf, in his individual capacity, either by agreement or operation of law. Thus, service was not perfected upon Bendily through Weldon, and entry of default is denied.[77] Plaintiff's Motion for Default Judgment must be denied for lack of sufficient proof of service of process.

### D. Deloune is allowed an additional thirty (30) days to perfect service – or obtain a waiver of service – as to Bendily under Rule 4(m).

Nonetheless, the Court, in its discretion, allows Deloune an additionally thirty (30) days in which to properly serve – or request waiver of service from – Frazier Bendily. It is clear from the record that Bendily is employed at DCI, that counsel for DPSC and Mahaffey affirmed he is a covered employee, and that counsel would be defending him.[78] Additionally, counsel for DPSC and Mahaffey indicated in their December 2024 email

---

[76] Rec. Docs. 12 at pp. 30, 45-47, 16-4, 26-1.
[77] The duty to answer only arises after service has been perfected. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008). And "[a]bsent service of process," the Court "lacks jurisdiction over a defendant[,] and an entry of default granted under such conditions is void." *Williamwest v. Richardson*, 2021 U.S. Dist. LEXIS 200893, at *4-5 (E.D. La. Oct. 19, 2021) (citing cases). Here, absent sufficient proof of service of process on Bendily, in his individual capacity, through personal or domiciliary service, this Court lacks jurisdiction over Bendily.
[78] Rec. Doc. 26 at p. 4.

exchange,[79] and in their Opposition[80] that counsel for Defendants agreed to appear for the intended party Bendily under the promise that the entry of preliminary default would be withdrawn.[81] No appearance having been made after initially filing to withdraw, Deloune maintained this motion. Even in the absence of good cause, the plain language of Rule 4(m) confers the courts with discretionary authority to extend the time for service.[82]

Since there appears to be no dispute that Bendily is a proper Defendant and will be defended jointly with the other named Defendants, the Court encourages the Defendants to waive service and enter a voluntary appearance and defense in the service of efficiency and economy.

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Deloune's Motion for Entry of Preliminary Default and for Hearing on Confirmation of Default[83] is denied without prejudice.

**IT IS FURTHER ORDERED** that Deloune is granted thirty (30) days from the date of this Ruling to properly serve or request waiver of service as to Frazier Bendily.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  24th  day of July, 2025.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[79] Rec. Dec. 25-5.
[80] Rec. Doc. 26 at p. 4.
[81] *Id.*
[82] *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)); *see also* 28 U.S.C. §1448.
[83] Rec. Doc. 22.